UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MICA WILLIAMS o/b/o MF v. COMMISSIONER OF        5:06-CV-1279
SOCIAL SECURITY,                                        (LEK/GJD)

_____

MICA WILLIAMS, pro se petitioner
KARLA J. GWINN, SAUSA for respondent

## REPORT-RECOMMENDATION

Presently before the court is a petition for mandamus, filed by petitioner on behalf of a minor child.  The petition was filed after a notice was sent to petitioner by the defendant, stating that an administrative decision had not been rendered in the case and notifying petitioner that the class action in *Sharpe v. Sullivan*, 79 Civ. 1977 (S.D.N.Y.) authorized petitioner to file a petition for mandamus in the Northern District of New York based upon the respondent's delay.

The petition was filed on October 23, 2006. (Dkt. No. 1).  On October 30, 2006, I issued an order, granting petitioner ***in forma pauperis*** status and requiring service of the petition on the respondent. (Dkt. No. 3).  The order further required a response to the petition from respondent within thirty days of service of the petition.  Respondent has filed a letter-motion in opposition to the petition, arguing for dismissal of the petition based upon mootness. (Dkt. No. 9).  For the following reasons, this court agrees with respondent and will recommend denial of the petition.

## DISCUSSION

A case is moot, and the court has no jurisdiction when the "parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Federal courts are without power to decide questions that cannot affect the rights of the parties in the case before the court. *See Swaby v. Ashcroft*, 357 F.3d 156, 159-160 (2d

Cir. 2004)(petitioner's injury must be traceable to respondent and likely to be redressed by a favorable judicial decision).

The court's decision in *Sharpe* and subsequent orders in that class action provide for notice to individual applicants for Supplemental Security Income (SSI) that they may apply to the District Court for relief in cases where the administrative delay in reaching a decision is "unreasonable". *See e.g. Sharpe v. Harris*, 621 F.2d 530 (2d Cir. 1980); *Sharpe v. Heckler*, No. 79 Civ. 1977 (S.D.N.Y. October 2, 1985); *Sharpe v. Harris*, No. 79 Civ. 1977 (S.D.N.Y. July 10, 1980). In circumstances of unreasonable delay, the court may order interim benefits.

Respondent argues in the letter-motion, that this case is now moot because a hearing was held on December 13, 2006 before an Administrative Law Judge (ALJ). Respondent states that a decision will be issued "imminently." (Dkt. No. 9). Thus, petitioner has obtained the relief sought, and the petition for mandamus is ***moot***. Finally, the court has the authority to order interim benefits pending the respondent's decision. *See New York v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990). However, because respondent states that the ALJ's decision will be issued "imminently," this court finds that it is not appropriate to recommend interim benefits at this time.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss (Dkt. No. 9) be **GRANTED,** and it is further

**RECOMMENDED**, that the petition be **DENIED and DISMISSED FOR MOOTNESS**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections

shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 15, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge